**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------ X
ST. PAUL MERCURY INSURANCE          :
COMPANY,                            :
                                    :
                    Plaintiff,      :
                                    :     No. 12 Civ. 6322 (JFK)
     -against-                      :     **OPINION & ORDER**
                                    :
M&T BANK CORPORATION,               :
                                    :
                    Defendant.      :
------------------------------------ X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Dec. 5, 2012

**JOHN F. KEENAN, United States District Judge:**

   Before the Court is Plaintiff St. Paul Mercury Insurance Company's ("St. Paul" or "Plaintiff") application for default judgment against Defendant M&T Bank Corporation ("M&T" or "Defendant"), after Defendant failed to respond timely to Plaintiff's complaint filed August 17, 2012.  Defendant likewise requests that the entry of default be vacated.  This Court entered an Order to Show Cause on October 19, 2012, directing Defendants to show cause why default judgment should not be entered.  The matter was heard on November 26, 2012, and the parties have filed supplemental briefs in support of their respective positions.  For the reasons that follow, Plaintiff's application is denied.

## I.  Background

   Plaintiff and Defendant, or their related entities, have had a series of business dealings relating to the purchase and

sale of bonds and insurance coverage. (Ans. ¶ 48.)  The parties entered into an indemnity contract dated June 24, 2008 whereby Defendant agreed to indemnify Plaintiff relating to any surety bonds issued on behalf of Defendant. (Compl. ¶¶ 5-9.)

Defendant purchased a bond from Plaintiff, No. 469PB0944, for a term starting on November 1, 2009. (Id. ¶ 13.)  Defendant refers to this bond as a "fidelity bond" and asserts that the purpose of which is "'to protect a firm against certain types of losses, including, but not limited to, those caused by the malfeasance of its officers and employees, and the effect of such losses on the firm's capital." (Ans. ¶ 44 (citing FINRA Regulatory Notice 09-44).)

On November 23, 2009, Plaintiff and Defendant executed an addendum to the June 24, 2008 indemnity contract, the function of which is hotly disputed by the parties.  The text of the addendum appears to add the October 30, 2009 bond to the list of bonds covered under the June 24, 2008 indemnity contract. (Compl. Ex. B.)  However, Defendant contends that Plaintiff's agents led Defendant to believe that this addendum did not confer any additional obligations on Defendant but rather was meant solely to eliminate the possibility of Plaintiff having to make double payment to Defendant. (Ans. ¶ 56 ("Ms. Dennis [Plaintiff's agent] expressly represented that the sole purpose and effect of the Addendum was to ensure that M&T could not

recover for the same lost dollars under both the Fidelity Bond and the Banker's Blanket Bond.").) Plaintiff maintains that Defendant's characterization is untrue, and that the parties understood that the addendum operated to bring the October 30, 2009 bond under the June 24, 2008 indemnity contract. (Pl. Br. at 14-15.)

The parties' disagreement about the addendum is significant because, in accordance with the October 30, 2009 bond, St. Paul paid out a claim to an M&T subsidiary totaling $868,995.56. (Compl. ¶¶ 22-27.) This action arises out of the fact that Plaintiff now seeks indemnity in that amount, on the basis of the November 23, 2009 addendum.

Defendant's answer was due to the Court on October 10, 2012, but it did not file an answer by that date, and the Clerk of Court certified Defendant's default on October 18, 2012. (PACER No. 7.) After Defendant was served with the Order to Show Cause, it filed an answer that also asserted a counterclaim for fraud. (Ans. ¶¶ 42-69.) Defendant now petitions the Court to vacate the entry of default and opposes entry of default judgment, claiming that the employees at its retail bank location must have misplaced the summons and complaint. It further argues that the default was not willful, that setting the default aside will not prejudice Plaintiff, and that it has meritorious defenses. Chief among these defenses is the

3

misunderstanding regarding November 23, 2009 addendum, which Defendant argues is the result either of Plaintiff's fraud or mutual mistake.  Defendant also urges that Plaintiff's interpretation of the addendum would cause the October 30, 2009 bond to be illegal under FINRA rules, since indemnity would defeat the purpose of protecting the bondholder's capital.  For its part, Plaintiff persists in seeking entry of default judgment, on the grounds that Defendant has not demonstrated the existence of a meritorious defense.

## II. Discussion

### a. Legal Standard

Federal Rule of Civil Procedure 55(a) directs the clerk of court to enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a); see City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 128 (2d Cir. 2011) (describing entry of default as "a ministerial step to be performed by the clerk of court"). Under Rule 55(c), entry of default may be set aside by a court "for good cause," which in the Second Circuit is evaluated in terms of these criteria:  "(1) whether the default was willful; (2) whether setting aside the default would prejudice the party for whom default was awarded; and (3) whether the moving party

has presented a meritorious defense." Peterson v. Syracuse Police Dept., 467 F. App'x 31, 33 (2d Cir. 2012) (citing Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993). "When the defaulted defendant opposes default judgment, courts treat the opposition as a motion to vacate entry of default and examine whether good cause exists to vacate the entry." Capitol Records v. Defries, 2012 WL 3041583, *5 (S.D.N.Y. July 20, 2012) (citations omitted)).

If the Court determines that the entry of default should stand, then it has the discretion to enter default judgment against the defendant. See Mickalis, 645 F.3d at 129. However, the Second Circuit has described default judgments as "the most severe sanction which the court may apply," stating that they are "generally disfavored and are reserved for rare occasions." Id. (citations and internal quotation marks omitted).

In urging the Court to enter default judgment, Plaintiff does not claim that Defendant's default was willful, or that it would be prejudiced if the default was set aside. Plaintiff contends only that Defendant has not met its burden of presenting a meritorious defense. To decide whether this is so, the Court must consider "whether the evidence submitted, if proven at trial, would constitute a complete defense." Enron, 10 F.3d at 98. "[T]he defendant need not establish his defense conclusively," nor must he show "a likelihood that it will carry

5

the day." <u>State St. Bank & Trust Co. v. Inversiones Errazuris Limitada</u>, 374 F.3d 158, 167 (2d Cir. 2004) (internal citations and quotation marks omitted).  Nevertheless, he "must present more than conclusory denials," <u>Pecarsky v. Galaxiworld.com Ltd.</u>, 249 F.3d 167, 173 (2d Cir. 2001), and if no meritorious defense is presented, entry of default judgment may be appropriate, <u>see</u> <u>State Farm Mut. Auto. Ins. Co. v. Cohan</u>, 409 F. App'x 453, 456 (2d Cir. 2011).

### b.   Application

At the heart of the instant case lies a disputed contract addendum, with the parties insisting upon starkly different interpretations of the provision and the circumstances of its execution.  Given the factual nature of the dispute, the paucity of evidence in the record thus far, and the "strong preference for resolving disputes on the merits," it would be wholly inappropriate to award the severe sanction of default judgment to Plaintiff. <u>Mickalis</u>, 645 F.3d at 129 (citation and internal quotation marks omitted).  At this early stage, it is impossible for the Court to make final determinations regarding the strength of the parties' legal positions — or the credibility of their affiants, upon whom they rely heavily to support their versions of the facts in this case.  Defendant has met its burden of setting forth a defense that, if proven, would prevent recovery by Plaintiff. See <u>American Alliance Ins. Co., Ltd. v.</u>

Eagle Ins. Co., 92 F.3d 57, 61 (2d Cir. 1996) ("'A defense is meritorious if it is good at law so as to give the factfinder some determination to make.'" (quoting Anilina Fabrique de Colorants v. Aakash Chemicals and Dyestuffs, Inc., 856 F.2d 873, 879 (7th Cir. 1988))). The Court declines to take the rare step of ending this litigation before a serious consideration of the facts and issues can be presented. The case should proceed in earnest.

### III. Conclusion

For the foregoing reasons, Plaintiff's application for default judgment is denied. Defendant's motion to vacate the entry of default is granted. The parties are directed to comply with the Case Management Order filed contemporaneously with this opinion.

**SO ORDERED.**

Dated:   New York, New York
         December 4, 2012

　　　　　　　　　　　　　　　　John F. Keenan
　　　　　　　　　　　　　　United States District Judge